1

```
                   IN THE UNITED STATES DISTRICT COURT

                         EASTERN DISTRICT OF TEXAS

                              SHERMAN DIVISION



UNITED STATES OF AMERICA,            )
                                     )
     Plaintiff,                      )
                                     )
versus                               )   Case No. 4:20-58-ALM
                                     )
DAIJZHAINEL AMBROZHAI BRUZH SMITH,   )   November 15, 2023
                                     )
     Defendant.                      )   SENTENCING
_____        )


                         TRANSCRIPT OF PROCEEDINGS

             BEFORE THE HONORABLE JUDGE AMOS L. MAZZANT, III

                        UNITED STATES DISTRICT JUDGE
```

SUSAN A. ZIELIE, CVR-CM-S, FCRR
FEDERAL OFFICIAL STENOGRAPHIC COURT REPORTER
United States District Court
Eastern District of Texas
211 West Ferguson Street
Tyler, Texas 75701
903-590-1065
susan_zielie@txed.uscourts.gov

```
 1                        APPEARANCES
 2
 3    For Plaintiff/USA:
 4    MAUREEN SMITH, AUSA
 5
 6    For Defendant:
 7    MERIDETH BEHGOOY, ESQ.
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
1              SHERMAN, TEXAS; WEDNESDAY, NOVEMBER 15, 2023
2                           11:30 A.M.
3              THE COURT:  We have one more case on our morning
4    docket.  4:20-58, United States versus Ms. Smith.
5              ATTORNEY SMITH:  Maureen Smith for the United
6    States.  We're ready to proceed.
7              THE COURT:  For the defendant?
8              ATTORNEY BEHGOOY:  Hi, Judge.
9              THE COURT:  State your appearance.
10             ATTORNEY BEHGOOY:  Meredith Behgooy  for Ms. Smith.
11             THE COURT:  If you will all use your mic, too.  You
12   should have a wireless mic there.
13             ATTORNEY BEHGOOY:  Can you hear me okay?
14             THE COURT:  Ma'am, you're here for your sentencing
15   pursuant to your Final Presentence Report that was filed on
16   June 20, 2023.
17             Have you had a chance to review the Final
18   Presentence Report, ma'am?
19             THE DEFENDANT:  Yes, sir.  Two weeks ago.
20             THE COURT:  That's fine.
21             And have you had a chance to discuss it with your
22   counsel?
23             THE DEFENDANT:  Yes, sir.
24             THE COURT:  Do you understand it?
25             THE DEFENDANT:  Yes, sir.
```

1      THE COURT:  Do you believe the report adequately
2 covers your background?
3      THE DEFENDANT:  Yes, sir.
4      THE COURT:  And are you satisfied with the accuracy
5 of the factual background of the report?
6      THE DEFENDANT:  Yes, sir.
7      THE COURT:  And let me ask defense counsel:  Have
8 you had a chance to review the Final Presentence Report  with
9 your the client, and do you believe she understands it?
10     ATTORNEY BEHGOOY:  Yes, Your Honor.  And she
11 does.
12     THE COURT:  Do you have any comments, additions, or
13 corrections to the report?
14     ATTORNEY BEHGOOY:  No, Your Honor.
15     THE COURT:  And, Ms. Smith, on behalf of the
16 government, any comments, additions, or corrections?
17     ATTORNEY SMITH:  No, Your Honor.
18     THE COURT:  And there are no objections made by
19 either side.
20     ATTORNEY SMITH:  That's correct.
21     ATTORNEY BEHGOOY:  No objections.
22     THE COURT:  So, ma'am, you pleaded guilty to Count
23 1, Conspiracy to Interfere with Interstate Commerce by
24 Robbery.
25     To the extent the Court hasn't fully accepted the

Case 4:20-cr-00058-ALM-KPJ   Document 402   Filed 02/05/24   Page 5 of 12 PageID #: 1838

5

1     Plea Agreement, the Court will fully accept it now.

2                 So the Court finds the information contained in the
3     Presentence Report has sufficient indicia of reliability to
4     support its probable accuracy.  The Court adopts the factual
5     findings, undisputed facts, and the guideline applications in
6     the Presentence Report.

7                 Based upon the preponderance of the evidence
8     presented and the facts in the report, while viewing the
9     Sentencing Guidelines as advisory, the Court concludes as
10    follows:

11                Your total offense level is a 33.  Your criminal
12    history category is a 1.  Which provides for an advisory
13    guideline range of 135 months to 168 months of imprisonment.

14                So let me call upon defense counsel:  If you'd like
15    to comment on what you believe the appropriate sentence
16    should be.

17                ATTORNEY BEHGOOY:  Thank you, Your Honor, Judge.
18                Ms. Smith --
19                THE COURT:  Use your mic, please.
20                ATTORNEY BEHGOOY:  Thank you.
21                Ms. Smith is 24 years old.  She's been on
22    supervised release -- pretrial release for this case for
23    about three years now.  She has maintained a steady job at
24    Baylor Hospital in Dallas as a lab technician.  She takes
25    care of her 4-year-old son.  And the only criminal history

1  that she has is an assault misdemeanor out of Ellis County,
2  which took place before she was arrested on this charge.
3           For all these reasons, Judge, we'd ask for you to
4  sentence her somewhere in the lower end of the guidelines.
5           THE COURT:  Okay.
6           And then, Ms. Smith, from the government's
7  perspective, what's the government's take on this?
8           ATTORNEY SMITH:  Well, Your Honor, we tend to agree
9  with the probation officer for the high-end based on the
10 violent nature of this offense.  However, I do understand
11 that Ms. Smith has minimal criminal history, and so we would
12 just ask the Court to sentence somewhere in the guideline
13 range.
14          THE COURT:  I would note, I did receive some
15 letters on behalf of Ms. Smith.
16          ATTORNEY BEHGOOY:  Yes, Your Honor.
17          THE COURT:  And I did review those --
18          ATTORNEY BEHGOOY:  Thank you, Judge.
19          THE COURT:  For purposes of the record.
20          So, Ms. Smith, you have the right to address the
21 Court prior to sentencing.  Now would be the time, if you
22 wanted to say something.
23          THE DEFENDANT:  Yes, sir.
24          I want to say I apologize for us meeting like this.
25 I never seen myself, you know, standing before a judge.  I

1  just wanted to say I apologize to everybody that got hurt.  I
2  want to -- sorry -- I want to apologize -- crap -- I want to
3  apologize to my son.  You know, I've been doing this by
4  myself ever since his dad got tooken away January 23rd.  It's
5  been a very rocky, rocky road for me.
6           And I just accept -- I accept everything that's on
7  my PSI report.  I accept responsibility for everything.  And
8  I just wanted to say I apologize, and I just hope and pray
9  that I can get, you know, a decent sentence.  I just hope and
10 pray I don't have to be away from my son for 14 years.
11          THE COURT:  Okay.  Thank you, ma'am.
12          THE DEFENDANT:  Thank you.
13          THE COURT:  Any reason why the Court should not
14 pronounce sentence at this time?
15          ATTORNEY BEHGOOY:  No, Your Honor.
16          ATTORNEY SMITH:  No, Your Honor.
17          THE COURT:  So, ma'am, typically, on these kind of
18 -- when there's violence involved, the Court tends to look to
19 the high-end of guideline range.  However, in your case,
20 because of your lack of criminal history and I believe you're
21 sincere in accepting responsibility, I am not going to go
22 below that but I'll give you a low end of the guideline
23 range, which is 135.
24          Pursuant to the Sentencing Reform Act of 1984 and
25 having considered the factors noted in 18 USC Section

1  3553(a), and after having consulted the advisory sentencing
2  guidelines, it is the judgment of the Court the defendant is
3  hereby committed to the custody of the Bureau of Prisons to
4  be imprisoned for 135 months on Count 1 of the Second
5  Superseding Indictment.
6           The sentence is within the advisory guideline range
7  and is greater than 24 months, and this specific sentence is
8  imposed after consideration of the factors set forth in 18
9  USC Section 3553(a).
10          The term of imprisonment for this judgment shall
11 run concurrently to any future sentence of confinement
12 imposed in Docket Number 1622546 in the 297th District Court
13 of Tarrant County in Fort Worth.
14          The Court will recommend you receive mental health
15 treatment while you are in prison.  While incarcerated, it's
16 recommended you participant in the Inmate Financial
17 Responsibility Program in accordance with the requirements of
18 the Inmate Financial Responsibility Program.  If you
19 participate in the Inmate Financial Responsibility Program,
20 you shall pay 50 percent of your earnings per pay period to
21 the outstanding monetary penalties.
22          The determination of restitution is deferred for a
23 period of not -- I guess there wasn't restitution.  We are
24 not ready for restitution today?
25          ATTORNEY SMITH:  No.

1    THE COURT:  So the determination of restitution is
2    deferred for a period not to exceed 90 days from the date of
3    this judgment.
4    The Court finds you don't have the ability to pay a
5    fine.  I'll waive the fine in this case.  I also find you
6    don't have the ability to pay interest.  I'll waive the
7    interest requirement in this case.
8    It is ordered that you will pay the United States a
9    special assessment of $100, which is due and payable
10   immediately.  Any monetary amount that remains unpaid when
11   the supervision commences will be paid on a monthly basis at
12   a rate of at least 10 percent of your gross income.  The
13   percentage of gross income to be paid with respect to any
14   restitution and/or fine is to be changed with your
15   supervision, if needed, based on your changed circumstances,
16   pursuant to 18 USC Section 3064(k) and/or 18 USC Section
17   3572(d)(3).  If you receive an inheritance, any settlements,
18   including divorce settlements, personal injury settlements,
19   gifts, tax refunds, bonuses, lawsuit awards, and any receipt
20   of money to include but not limited to gambling proceeds,
21   lottery winnings, and money found and/or discovered, the
22   defendant must, within 5 days of receipt, apply 100 percent
23   of the value of such resources to any financial penalty
24   ordered.  None of the payment terms imposed by the judgment
25   preclude or prohibit the government from enforcing the unpaid

1  balance of the restitution or monetary penalties imposed
2  therein.
3          Upon release from imprisonment, you shall be placed
4  on supervised release for a term of three years.
5          Within 72 hours of release from the custody of the
6  Bureau of Prisons, you must report in person to the probation
7  office in the district where you are released.
8          You must not commit any federal, state, or local
9  crime.  You must comply with the standard conditions that
10 have been adopted by the court.  In addition, you must comply
11 with the mandatory and special conditions and instructions
12 that have been provided to you and your counsel as part of
13 the Presentence Report prior to sentencing, which the Court
14 hereby adopts.
15         And has counsel went over our General Order 17-3
16 with the defendant regarding the standard conditions?
17         ATTORNEY BEHGOOY:  Yes, Your Honor.
18         THE COURT:  And any objections to those?
19         ATTORNEY BEHGOOY:  No, Your Honor.
20         THE COURT:  And, then, would you like me to include
21 a recommendation for placement?
22         ATTORNEY BEHGOOY:  No, Your Honor.  Not at this
23 time.
24         THE COURT:  And so, ma'am, you have a right to
25 appeal your conviction if you believe your guilty plea was

1	somehow unlawful or involuntary or if there's some other
2	fundamental defect in the proceedings that were not waived by
3	your guilty plea.  You do have a statutory right to appeal
4	your sentence under certain circumstances, particularly if
5	you believe your sentence is contrary to the law.  However,
6	you may have waived some of those rights as part of your Plea
7	Agreement.  You've entered into a Plea Agreement which waives
8	certain rights to appeal your conviction or sentence.  With
9	the exception of the grounds reserved in your Plea Agreement,
10	you have waived any right to appeal in this case.  Such
11	waivers are generally enforceable; but, if you believe the
12	waiver is not enforceable, you would need to present that
13	theory to the appellate court.  With few exceptions, any
14	notice of appeal must be filed within 14 days of the Judgment
15	being entered in case.
16	          If you're unable to pay the cost of appeal, you can
17	apply for leave to appeal in forma pauperis, which is without
18	payment of the fees.  If you so request assistance, the clerk
19	of the court will prepare and file Notice of Appeal upon your
20	request.
21	          Your Presentence Report is already part of the
22	record; it's under seal.  It will remain under seal for
23	purposes of appeal.
24	          Are there charges to dismiss?
25	          ATTORNEY SMITH:  Yes, Your Honor.  We'd ask the

1  Court to dismiss Counts 2, 3, and 4 of the Second Superseding
2  Indictment as they pertain to Ms. Smith, and also the
3  underlying Indictments.
4          THE COURT:  I'll grant that request.
5          Anything further from the government?
6          ATTORNEY SMITH:  No, Your Honor.  Thank you.
7          THE COURT:  Anything further from defense?
8          ATTORNEY BEHGOOY:  No, Your Honor.
9          THE COURT:  Is there any objection to giving her a
10 report date?
11         ATTORNEY SMITH:  No, Your Honor.
12         THE COURT:  So, ma'am, I'll give you a report date
13 of January 5, 2024, at 2 p.m., so you'll be able to spend the
14 holidays with your family before you report.
15         DEFENSE COUNSEL:  Thank you, sir.
16         THE COURT:  You're free to go.  You're excused.
17 And we'll be in recess until 1:30, I think.  Thank you.
18         [PROCEEDINGS CONCLUDED]
19
20            OFFICIAL COURT REPORTER'S CERTIFICATE
21
22     I (we) certify that the foregoing is a correct
   transcript of proceedings in the above-entitled matter.
23
                    /S/ Susan A. Zielie, CVR-CM-S, FCRR
24                    Susan A. Zielie, CVR-CM-S, FCRR
                      December 20, 2023
25